UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

GARY A. RIPBERGER                                              CASE NO. 14-20552
DEBTOR

## MEMORANDUM OPINION AND ORDER

In this Chapter 13 case, Debtor's former wife, Gayle Ripberger ("Movant") seeks stay relief to obtain a post-divorce decree state court adjudication of her and Debtor's rights in their former marital residence. She argues that the parties' divorce decree granted the Debtor an option to purchase the marital residence from her, that the option expired, and that the issue of the parties' rights in the residence therefore remains unsettled. She objects to Debtor's plan on similar grounds, arguing that the plan improperly treats her interests with respect to the residence as those of a creditor rather than a co-owner. The Court holds that the state court awarded the marital residence to the Debtor and Movant holds a claim against the estate which may be treated in his chapter 13 plan if the other conditions of confirmation are satisfied.

Facts and Procedural History

In 2011, Debtor filed a petition to dissolve his marriage with Movant in Boone County Family Court. An agreed temporary order gave Debtor custody of the couple's two children and exclusive possession of the marital residence. On October 29, 2012, the family court entered a decree of dissolution. The decree designated Debtor the primary residential custodian of the children. As to the marital residence, it provided that:

> The husband shall be awarded the marital residence located at 2251 Sunday Silence Court, Burlington, Kentucky as his sole property and he shall pay to the wife the sum of $24,205.00 as her marital and non-marital portion of the marital residence. The husband shall refinance the encumbrances on the marital

>   residence within 120 days of this Decree of Dissolution in order to remove the wife's name from the encumbrances. The husband shall pay to the wife her marital and non-marital share of the equity in the marital residence within 120 days of the date of this Decree. The wife shall, at that time, quit claim her interest in the marital residence to the husband.

[Doc. 55-1, Ex. A at 26-27.] On February 28, 2013, 122 days after the entry of the decree, Debtor filed a motion for additional time to refinance the marital residence. A hearing on the motion was postponed, and the state court has not ruled on the motion.

Over a year later, on April 10, 2014, Debtor filed a Chapter 13 petition. His schedules list the marital residence as an asset he exclusively owns in fee simple and list the $24,200 owed to Movant under the divorce decree as a nondischargeable domestic support obligation. On the same date, he proposed a plan which proposed to pay the three mortgages on the marital residence outside the plan, other than any arrearages, which he proposed would be cured within the plan.

Movant filed an objection to the plan, arguing (i) that the plan was not feasible, partly because Debtor was in substantial arrears on several of the mortgages on the marital residence; (ii) that one of the mortgages treated in the plan was solely in Movant's name and not an obligation of the Debtor; and (iii) that the plan left her exposed to collection efforts and would damage her credit. Movant also filed a stay relief motion, seeking relief from stay to pursue "a final resolution of the parties' respective ownership interests in the real estate" in the family court, and to possibly pursue a sale order in family court. [Doc. 23 at 3.] Movant argues that the divorce decree was not a final resolution because it only gave Debtor an option to purchase Movant's interest within 120 days. Debtor objects, arguing that the issue of the parties' interests in the marital residence was settled by the family court's divorce decree.

Thereafter, Debtor filed an amended plan [Doc. 47] that proposes to pay the three mortgages on the marital residence in full during the five-year term of the plan, along with the $24,205 that the family court ordered Debtor to pay to Movant. Movant responded with a supplemental reply in support of her stay relief motion, which doubled as an objection to the amended plan. She argues that the amended plan ignores her rights as a co-owner and incorrectly treats her interest as a claim. She also requests, in the alternative to her request for stay relief, that the Court order the Trustee to sell the marital residence under § 363.

Debtor, in response, continues to take the position that the divorce decree operates as a final adjudication of the parties' interests in the marital residence. He argues that Movant has a claim against the estate that is properly treated in the plan, and that § 363 does not grant non-debtor co-owners the power to move for sales of jointly owned property. Debtor also filed an objection to Movant's proof of claim on grounds of vagueness; to which Movant responded taking the position that her claim is properly vague because her rights with respect to the marital residence remain unsettled.

After filing joint stipulations, the parties agreed to submit the stay relief motion, the objection to confirmation, and the objection to Movant's claim, on the record, to the Court. After the agreed order of submission was entered, the Trustee filed a recommendation on confirmation which took no issues with the plan other than to note Movant's objection.

Analysis

    A. The Parties' Interests

The matters submitted to the Court–Movant's stay relief motion, Movant's objection to confirmation, and Debtor's objection to Movant's claim–all turn on a determination of the nature

3

of Debtor's and Movant's respective interest in the residence which necessarily involves an interpretation of the state court divorce decree.

Property interests in bankruptcy are "defined by state law." *United States v. Butner*, 440 U.S. 48, 55 (1979). Under Kentucky law, a divorce court's "specific awards of property in a dissolution decree determine the property rights of the parties." *Houston v. Houston*, 2006-CA-00932-MR, 2008 WL 681960, at *1 (Ky. Ct. App. Mar. 14, 2008). A dissolution decree, "when it specifically awards . . . property to one spouse, terminates whatever prior interest the ex-spouse maintained in the property." *Napier v. Jones*, 925 S.W.2d 193, 197 (Ky. Ct. App. 1996); *cf. Nelson v. Mahurin*, 994 S.W.2d 10 (Ky. Ct. App. 1998) (construing divorce decree as allowing former wife to retain only legal title in real estate, not the right of survivorship, pending former husband's refinance).

As Movant reads the divorce decree entered in this case, it did not award the marital residence to anyone. Rather, she argues that the decree merely gave the Debtor an option to purchase her interest from her within 120 days of the decree. Under her interpretation, if the Debtor exercised this option, Movant had to quit-claim her interest. But if Debtor failed to exercise it within 120 days, i.e., by failing to pay the mortgages and $24,205 to Movant during the 120-day period, she would not be required to quit-claim her interest. Movant's reading of the divorce decree is incorrect.

First, the divorce decree plainly vested equitable title in the Debtor alone. The divorce decree provided that Debtor would be "awarded the marital residence . . . as his sole property." This specific award of the marital residence to the Debtor terminated Movant's equitable interest title. *See Napier, supra*. The divorce decree provided that Movant was not required to quit-claim *legal* title until Debtor performed on the two conditions the decree sets forth.

4

Second, the divorce decree did not create an option. Under Kentucky law, "[a]n option contract is not a contract for the purchase or sale of property, but a contract giving the optionee the privilege of purchasing it if he elects to take it within the time stated in the option." *Miller v. Hodges*, 215 S.W.2d 99, 100 (Ky. 1948). The option reading contradicts the express terms of the decree insofar as Debtor was *ordered* to pay Movant $24,205 and to refinance the mortgages and remove Movant's name from them. Buying out Movant's interest was not a "privilege" that the Debtor could "elect" to exercise; rather the direction to pay the mortgages and Movant was a final state court *order*, the divorce court's implementation of its final decision on who would be awarded the marital residence. The divorce decree did not explicitly or implicitly condition that award on Debtor's timely performance of the conditions precedent to the transfer of legal title. Rather, it provided that upon Debtor's performance, Movant would quit-claim her interest at "that time." Debtor may well be in contempt of the provision of the order directing him to satisfy the conditions within 120 days; however, nothing in the decree suggests that if Debtor had satisfied the conditions on day 121, or satisfies them by the end of his plan, the parties' interests in the residence would be reset or revisited by the divorce court. Rather, the order merely provides that Movant may retain her bare legal title to the marital residence until such time as Debtor performs the conditions.

Movant's rights in Debtor's bankruptcy are those of a claimant–not a co-owner of estate property. In terminating the Movant's beneficial interest in the property, the divorce decree ordered Debtor to pay Movant her share of the equity in, and refinance the mortgages on, the residence. Section 101 of the Bankruptcy Code broadly defines a claim as any "right to payment." 11 U.S.C. § 101. The existence or validity of a claim is determined by state law. *Grogan v. Garner*, 498 U.S. 279, 283 (1991). Under Kentucky law, a provision of a divorce

5

decree which obligates one spouse to pay for a marital debt and to hold the other spouse creates a debt which the other spouse holds. *Howard v. Howard*, 336 S.W.3d 433, 444-47 (Ky. 2011). Movant, therefore, has a claim against Debtor's estate, not only for the sum she is personally owed, but for Debtor's obligation to refinance the mortgages. Having determined the nature of the parties' interests, the Court now turns to the specific requests for relief.

### B. Stay Relief Motion

Movant seeks stay relief to obtain a "final resolution" of the parties' rights in the marital residence. While her papers repeatedly note that Debtor is in contempt of the family court's divorce decree, neither the proposed order tendered with her motion, nor the motion itself, request stay relief for the purpose of filing a contempt motion against Debtor in family court.

In support of her stay relief motion, Movant likens this case to cases in this circuit in which courts have granted stay relief for the purpose of allowing an unfinished divorce action to proceed to a final resolution. *See White v. White (In re White)*, 851 F.2d 170 (6th Cir. 1988) (holding that it will often be proper to lift the stay to allow divorce proceedings to proceed to completion); *Hohenberg v. Hohenberg (In re Hohenberg)*, 143 B.R. 480 (Bankr. W.D. Tenn. 1992) (granting stay relief in a case where divorce proceedings had not been filed pre-petition). These cases reason that the state divorce court is the preferred forum to divide marital property. In this case, however, a divorce decree was entered pre-petition that already has divided Debtor and Movant's marital property. Movant's contention that the divorce decree did not conclusively settle the parties' rights in the marital residence is without merit.

As explained above, the divorce decree was a final adjudication of the parties' rights to the marital residence. Rather than create a now-expired option, the divorce decree awarded the marital residence to the Debtor. The Debtor holds the equitable interest, with bare legal title to

6

transfer at the time Movant's claim is paid. The divorce decree *is* a "final resolution" of the parties' rights in the marital residence; thus, there is no cause to lift the stay to seek a final resolution that already exists.

### C. Movant's Request for a § 363 Sale

In the alternative, Movant seeks a sale of the parties' interests in the marital residence under 11 U.S.C. § 363(h). While § 363(h) applies to property co-owned by a debtor and a non-debtor party, § 363(h) does not grant non-debtor co-owners the right to seek a § 363(h) sale. *See In re Lowery*, 203 B.R. 587, 590 (Bankr. D. Md. 1996) ("the Bankruptcy Code does not grant a non-debtor co-owner" the § 363(h) right). Thus, even if Movant's bare legal title in the residence made § 363(h) applicable herein (which the Court declines to decide), § 363(h) does not authorize the alternative relief sought by Movant.

### D. Movant's Objections to Confirmation

Movant objected to Debtor's original plan on grounds of feasibility. Movant did not renew her feasibility objection to the Debtor's current pending amended plan. Debtor's schedules show that he has disposable income of $2,512.15 a month. His amended plan proposes to pay $2,512.00 a month to the Trustee. Debtor's schedules do not list the substantial mortgage expenses because Debtor proposes to pay those mortgages through the plan. On its face, Debtor's plan is feasible.

Movant's supplemental reply also objected to Debtor's amended plan, arguing that it incorrectly treats her interests as those of a creditor instead of a co-owner. Movant likens this case to *In re Dahlgren*, 418 B.R. 852 (Bankr. D.N.J. 2009), a case in which a debtor attempted to cram down a buy-out of his co-owner's interest in real estate through a chapter 13 plan. In *Dahlgren*, a state court had, pre-petition, ordered the debtor to sell the real estate and split the

7

proceeds with the co-owner. *See id.* at 854-55. The bankruptcy court held that a chapter 13 debtor could not cram down a buy-out on an unwilling co-owner under New Jersey law and, therefore, could not cram down such a buy-out under chapter 13, especially when that buy-out is contrary to a state court's prior determination on how the parties' interests in the co-owned property is to be settled. Movant argues this case is like *Dahlgren* because, as she reads the divorce decree, she remains a co-owner of the marital residence, with no obligation to sell her interest to Debtor.

However, as explained above, this is not how the Court interprets the effect of the state court's divorce decree. The decree ordered Movant to quit-claim her legal interest to Debtor upon his payment of the mortgages and her share of equity in the property. Debtor's plan simply implements the terms of the divorce decree. Thus, *Dahlgren* is inapposite. Therefore, Movant's objection to the treatment of her claim is overruled.

### E.  Debtor's Objection to Movant's Claim

Finally, Debtor objected to Movant's proof of claim in this case on the basis that it failed to state how much she was owed or whether it was a secured, unsecured or priority claim. Movant responded that until the family court ruled on the parties' interests, she would not have any of that information. As explained above, the divorce decree clearly sets forth the parties' interests in the marital residence, and Movant's claims arising therefrom. Debtor's objection to Movant's proof of claim is sustained; however, Movant shall have 14 days in which to amend her claim in conformity herewith.

Conclusion

For the reasons set forth above, the Movant's Motion for Relief from Stay [Doc. 23] is DENIED; her Objection to Confirmation [Doc. 15] is OVERRULED; and the Debtor's

Objection to Movant's Claim [Doc. 43] is SUSTAINED; provided, however, Movant shall have fourteen days within which to amend her claim.

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall tender an order continuing the confirmation hearing for any further action which may be necessary.

9

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, October 28, 2014
(tnw)